IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RONGEY JORDAN,<br><br>    Plaintiff<br><br>    VS.<br><br>WILLIAM TERRY, WARDEN, *et al.*,<br><br>    Defendants | NO. 5:09-CV-367 (MTT)<br><br>**PROCEEDINGS UNDER 42 U.S.C. §1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

## RECOMMENDATION

Defendants William M. Terry and Clinton Perry, Jr. have moved for the dismissal of the above-captioned §1983 action.[1] Tab #8. In support of this request, these defendants aver that this action should be dismissed on the basis of qualified immunity, plaintiff Rongey Jordan's alleged failure to state a claim, and his improper attempt to establish liability on a theory of vicarious liability. Following receipt of the motion, the undersigned ordered and directed the plaintiff to file a response thereto. Tab #10. The plaintiff has filed response (Tab #11) to which the defendants replied (Tab #14).[2] The motion is now ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 23, 2009, plaintiff Jordan filed the above-captioned action. Tab #1. Therein he alleges that the defendants violated his constitutional rights by denying him access to the courts. In support of his claim, he notes that on April 1, 2008, he was transferred from Ware State Prison to Macon State Prison. Soon after his arrival at Macon State, and in order to keep the Georgia Supreme Court updated with his current mailing address, plaintiff Jordan prepared and submitted an article of legal mail containing a notification of his new address. According to the plaintiff, the letter was routed to the prison's law librarian who subsequently approved it for indigent postage and mailing on April 4, 2008. The law librarian then allegedly held the letter until April 9, 2008 when she delivered it to the prison's mailroom for dispatch.

---

[1] Plaintiff Jordan also named the prison's law librarian Carmen Grimsely as a defendant in this action. Because the plaintiff has yet to provide an address at which Ms. Grimsely can be served, she is not properly before the court.

[2] The plaintiff subsequently filed a sur-reply. Tab #17. However, because the plaintiff failed to obtain leave of court prior to filing his sur-reply as required by Local Rule 7.3.1(c), the arguments contained therein will not be considered.

On April 11, 2008, the Georgia Supreme Court issued a ruling on the plaintiff's request for reconsideration of a matter that was not identified by the plaintiff. According to the plaintiff, because his change of address notice had not yet been received by the court clerk, his copy of the decision was mailed to his former address at Ware State Prison. Thus, plaintiff did not receive the court's order until April 18, 2008. This delayed receipt, which the plaintiff contends was the direct result of the defendants' failure to promptly dispatch his mail, left him with little time in which to prepare and timely file a petition for federal habeas corpus relief. Indeed, according to the plaintiff, the time period for filing a federal petition was set to expire on April 25, 2008.[3]

Plaintiff Jordan avers that months after his receipt of the Georgia Supreme Court order, he discovered a document demonstrating that the prison law librarian had improperly delayed the dispatch of his letter. He claims that upon making this discovery, he addressed the issue with defendants Perry and Terry. According to the plaintiff, these defendants failed and/or refused to assist him. As a result, he complains that he was left to "suffer dismissal" of his federal petition. By way of relief, plaintiff Jordan demands one of the following: (1) an order immediately releasing him from incarceration; (2) an award of damages in the amount of two-million-dollars ($2,000,000) per defendant; or, (3) an order declaring that his federal habeas corpus petition was timely filed.

In response, the defendants filed the instant motion seeking dismissal. Therein, they aver, *inter alia*, that the plaintiff has failed to state a claim for which relief can be granted. Consequently, they contend that this action must be dismissed.

---

[3] The plaintiff failed to meet this deadline. His subsequently filed federal petition was, therefore, dismissed as untimely. See M.D. Ga. Case No. 4:08-cv-57 (CDL).

## LEGAL STANDARDS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

## DISCUSSION AND CONCLUSION

After reviewing the record in this case, and even accepting as true all of plaintiff Jordan's *factual* allegations, it is readily apparent that he has failed to state an actionable constitutional claim for which relief can be granted. Plaintiff's primary complaint is that the delay and/or lack of assistance on the part of the defendants and prison law librarian deprived him of his right to timely prepare, execute, and submit a federal habeas corpus petition. However, plaintiff's claims are plainly belied by his admission that he had *several days* prior to the expiration of the deadline in which to prepare, execute, and submit a federal petition. This concession, together with the fact that, once filed, the petition could easily have been amended, further demonstrates the untenable nature his claims.

Because it is patently obvious that the plaintiff has failed to sufficiently set forth any valid constitutional claims, the undersigned **RECOMMENDS** that the defendants' motion seeking dismissal be **GRANTED** and that this case be **DISMISSED**. [4] Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these RECOMMENDATIONS with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The Clerk is directed to serve the plaintiff at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED,** this 9th day of JULY, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4] Because plaintiff's complaint fails to set forth a valid constitutional claim, it is unnecessary to consider defendants' arguments regarding qualified immunity and vicarious liability.